UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHARROD MOTEN,<br><br>           Petitioner,<br><br>     v.<br><br>FRED FOULK, Warden,<br><br>           Respondent. | No. CV 13-9021-VAP (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

**I.**

**INTRODUCTION**

On April 4, 2014, respondent moved to dismiss the Petition in this matter on the ground that it is time barred. On June 20, 2014, petitioner filed an Opposition ("Opposition" or "Opp'n"), in which he argued that he was prevented from timely filing the Petition because he was housed in administrative segregation ("Ad Seg") and unable to access the law library between July and October 2013.[1] (Opp'n at 3). On August 20, 2014, the Magistrate Judge ordered petitioner to

---

[1] Specifically, petitioner alleged that the delay in filing his federal Petition "should be attributed to the petitioner['s] lack of legal material between July 2013 to October 2013. Prisoners representing themselves in court often have problems gaining access to legal research material. Prisoners in a . . . special housing unit[] are most likely to experience these problems because generally they are not permitted to go to the law library. From July 2013 until October 2013 the
(continued...)

submit all relevant supplemental documentation to support his allegations that he was denied access to the law library. (Dkt. No. 17). The Magistrate Judge provided petitioner with a non-exhaustive list of such documentation, including copies of prison documents reflecting the dates he was housed in Ad Seg; requests to access the prison law library; copies of any denials of access to the prison law library; prison memoranda or policies with respect to access to legal materials and/or the law library while housed in Ad Seg; and declarations signed under penalty of perjury from petitioner and, if possible, prison staff. (Id.).

On October 24, 2014, petitioner filed his Supplemental Opposition to the Motion to Dismiss ("Supplemental Opposition" or "Supp'l Opp'n"). (Dkt. No. 24). In his Supplemental Opposition, petitioner blamed the untimely filing of his Petition on his low level of reading comprehension. (Supp'l Opp'n at 2). He also stated that he had diligently sought assistance from fellow inmates and from law library staff to assist him in preparing his state and federal habeas forms. (Id.). Attached to petitioner's Supplemental Opposition was a Declaration detailing his education level, and the assistance he had previously received from a fellow inmate through April 15, 2013, as well as noting that he had been placed in Ad Seg on July 7, 2013, and released back to the general population on September 16, 2013. (Supp'l Opp'n Decl. ¶¶ 2-8, 12, 14). Also attached to the Supplemental Opposition was a copy of the prison's bed assignments, reflecting that petitioner had been housed in Ad Seg from July 7, 2013, through September 16, 2013. (Supp'l Opp'n Attach. 1). While in Ad Seg and after his return to the general population, petitioner states that he continued to seek out inmate assistance, albeit unsuccessfully. (Supp'l Opp'n Decl. ¶¶ 13, 15-16).

On February 18, 2015, respondent filed a Reply to the Supplemental Opposition ("Reply"). (Dkt. No. 32). On March 4, 2015, the Magistrate Judge issued the R&R, finding that petitioner's allegations concerning his time in Ad Seg and his lack of access to the law library or to inmate

---

[1](...continued)
petitioner suffered this fate." (Opp'n at 3). Petitioner did not assert that he was without his "legal paperwork" during that time.

assistance did not excuse petitioner's late filing, and that the Petition was time barred. (R&R at 8-11).

On May 6, 2015, petitioner filed his Objections to the R&R ("Objections" or "Obj."), in which he alleged for the first time that while in Ad Seg and for one month after he went back to the general population, he did not have access to his "legal paperwork." (Obj. at 1). On May 21, 2015, respondent filed a Response to petitioner's Objections ("Response" or "Resp."). (Dkt. No. 38).

## II.
## DISCUSSION

Preliminarily, petitioner in his Objections appears to concede that low literacy levels, lack of legal knowledge, and need for legal assistance are not extraordinary circumstances warranting equitable tolling. (See Obj. at 1). Nothing in petitioner's Objections causes this Court to question the Magistrate Judge's findings and recommendations regarding petitioner's literacy level, lack of legal knowledge, lack of library access, lack of legal assistance, or housing in Ad Seg as insufficient to constitute extraordinary circumstances sufficient to excuse petitioner from timely filing his federal habeas petition.

Next, petitioner alleges that he was deprived of unspecified "legal paperwork" while in Ad Seg and for a month after his return to the general population. (Obj. at 1). The Ninth Circuit has held that "a complete lack of access to a legal file may constitute an extraordinary circumstance [warranting equitable tolling], and that it is 'unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file.'" Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (quoting Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (internal alteration and quotation marks omitted)). Nevertheless, a petitioner seeking equitable tolling on this basis "bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition . . . late." Waldron-Ramsey v.

Pacholke, 556 F.3d 1108, 1013 (9th Cir. 2009) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).

The Court notes that when petitioner filed his Supplemental Opposition, he made no mention of not being able to file his federal petition because of not having his "legal paperwork," instead attributing his delay in filing his Petition to the fact that he was unable to obtain legal assistance, his low literacy level, and limited access to the law library because of being housed in Ad Seg. Despite being given several opportunities to do so, petitioner has never identified the specific paperwork he was lacking that prevented him from timely filing his federal petition, or an explanation of why that paperwork was required to file the petition; nor has he provided any information regarding the efforts he made to obtain the allegedly required "legal paperwork." Vague and conclusory allegations not supported by specific facts do not warrant habeas relief. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Nor has petitioner demonstrated that any extraordinary circumstance stood in the way of filing his federal habeas petition prior to his being housed in Ad Seg without his "legal paperwork." Petitioner admits he had the basic federal habeas form in his possession, before, during, and after his time in Ad Seg, which he could have filled out at any time and filed in order to satisfy the statutory deadline. (Supp'l Opp'n at 9-10, 13, 15-16); see Dickershaid v. Paramo, 2012 WL 6675166, at *7 (C.D. Cal. Oct. 25, 2012) (citing Waldron-Ramsey, 556 F.3d at 1014 (if petitioner had been diligent "he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline"). Petitioner does not allege he was without his "legal paperwork" at any time from April 18, 2012, when the statute of limitations began to run, through July 7, 2013, when he was placed in Ad Seg without his "legal paperwork." Indeed, during that time period, petitioner managed to file three state habeas petitions raising the same grounds for relief now raised in the instant Petition.[2] See Dickershaid, 2012 WL 6675166, at *7 (at the time Dickershaid's box of legal

---

[2] Also detracting from petitioner's claim of due diligence is the fact that he waited 252 days after the statute of limitations began to run to constructively file his first state habeas petition in the Los Angeles County Superior Court. (R&R at 6); see Dickershaid, 2012 WL 6675166, at *6 (noting it was mostly the petitioner's own delay in exhausting his state remedies that contributed to the
(continued...)

4

paperwork was confiscated, he had already filed three state habeas petitions and he could have filed a federal form petition outlining his claims and the facts and arguments underlying them, and then sought to amend when his paperwork was restored to him) (citing Waldron-Ramsey, 556 F.3d at 1014). In light of the fact that the eight grounds for relief raised in the Petition are the same grounds for relief petitioner previously raised in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court, at the very least petitioner could have simply filled in the basic information on the federal form petition and attached one of his state habeas petitions as reflecting his grounds for relief herein. (Compare Pet. at 7-31 with Lodgments 7, 9, 11). Instead, between May 22, 2013, when the California Supreme Court declined to review petitioner's state habeas petition and July 7, 2013, when he was confined to Ad Seg, although he apparently had his "legal paperwork" in his possession during that time, petitioner merely looked for assistance in filling out the federal habeas form. (Supp'l Opp'n Decl. ¶¶ 9-10).

      Nor has petitioner established that he exercised reasonable diligence during the time he was without his "legal paperwork," or after the "legal paperwork" was returned to him through the date of filing. Luna v. Kernan, __ F.3d __, 2015 WL 1903794, at *10 (9th Cir. Apr. 28, 2015) (holding that under the "stop clock" approach to analyzing claims for equitable tolling,[3] as well as Ninth Circuit precedent requiring a showing of due diligence even after the extraordinary circumstance has ended, a petitioner must show that he has been diligent while the extraordinary circumstance is in effect *and* through the date of filing) (citing Gibbs, 767 F.3d at 891-92 (9th Cir. 2014); Spitsyn v. Moore, 345 F.3d 796, 801-02 (9th Cir. 2003)). A review of the Petition shows that seven of petitioner's eight grounds for relief involve allegations of ineffective assistance of trial or appellate counsel, and the eighth ground for relief involves alleged constitutional violations

---

[2](...continued)
untimeliness of the petition).

[3] Under the "stop-clock" approach, the statute of limitations stops running when the extraordinary circumstance first arises, and resumes running once the extraordinary circumstance has ended, or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier. Luna, 2015 WL 1903794, at *9 (citing Gibbs v. LeGrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

1 based on the admission of prejudicial gang evidence. (R&R at 3-4). Due diligence requires that a petitioner "at least consult his own memory of the trial proceedings." United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004). Petitioner does not allege that he was unaware of the circumstances surrounding his trial, or that he was unable to rely on his recollection of his trial to prepare his claims for ineffective assistance of counsel or admission of prejudicial evidence, or that any of the "legal paperwork" that he was without for the period in question was in any way essential to any of his current claims. Once petitioner was removed from Ad Seg on September 16, 2013, he again merely alleges that he kept trying to find legal assistance, which he did not obtain until November 2013. (Supp'l Opp'n Decl. ¶ 16). Under these circumstances, petitioner fails to show that he acted diligently with the information that was available to him based on his attendance at his trial and his knowledge of counsel's actions or inactions, or that the lack of his "legal paperwork" for a limited period amounted to an extraordinary circumstance preventing him from timely filing his federal Petition, as it is evident that the factual predicates underlying his grounds for relief were known to him even without those materials. Battles, 362 F.3d at 1198.

For the foregoing reasons, petitioner is not entitled to equitable tolling on the basis that he lacked access to his "legal paperwork" while housed in Ad Seg and for one month after his return to the general population, as he has not met his burden of showing that he was diligently pursuing his rights during the relevant period or that any extraordinary circumstance prevented him from timely filing his federal Petition.

### III.

### **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the magistrate judge's Report and Recommendation, petitioner's Objections to the Report and Recommendation, and respondent's Response to petitioner's Objections. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the recommendation of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Respondent's Motion to Dismiss the Petition is **granted** and the action is **dismissed with prejudice** as time barred.
3. Judgment shall be entered consistent with this order.
4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: June 4, 2015

_____
HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE